<div style="text-align: right">Nov. Term, 1844.

MERIAM v. THE STATE.</div>

---

MERIAM and Others *v.* THE STATE, on the Relation of MITCHELL.

If, on *oyer* craved of a bond of which *profert* is made in the declaration, the bond cannot be produced, the declaration, by leave of the Court, should be amended by leaving out the *profert*, and inserting an excuse for not making it.

In a suit by the state on the relation, &c., on a sheriff's bond, an assignment of a breach, that the sheriff had officially received money belonging to the relator, which he had failed to pay to him, &c., is insufficient: the relator's right to the money should in such case be shown.

An assignment of a breach in such suit, that the sheriff had sold land on execution to the relator and received from him the price; that the sale was afterwards set aside; and that the sheriff had refused to pay the money, on demand, to the relator, &c., is insufficient: an averment, that notice had been given to the sheriff that the sale had been set aside, is necessary in such case.

It is no answer to an allegation that a sheriff's sale had been set aside, that the execution had not been set aside.

APPEAL from the *Noble* Circuit Court.

DEWEY, J.—Debt against a sheriff and his sureties on his official bond. The bond is conditioned, in the usual form, for the discharge of the duties of the sheriff, and for the payment over by him, to the proper persons, of all moneys received

<div style="text-align: right">Tuesday, November 26.</div>

Nov. Term, 1844.

MERIAM
v.
THE STATE.

by virtue of his office. The declaration makes *profert* of the obligation. The breaches assigned are, 1. That a certain sum of money, belonging to the relator, came into the hands of the sheriff by virtue of his office; and that he had failed and refused to pay the same to the relator, into the clerk's office, or to any person entitled to receive it; 2. That a *fi. fa.* was issued from the Circuit Court on a certain judgment therein rendered, by virtue of which execution the sheriff sold certain real property, belonging to the execution-defendant, to the relator, for a certain price which the relator paid to the sheriff; that after the sheriff received the money, the sale was set aside, on the motion of the execution-defendant, by the order and judgment of the proper Circuit Court; that afterwards, the money still being in the sheriff's hands, the relator demanded it of him, but he failed to pay it to the relator, into the clerk's office, or to any person entitled to receive it. The defendants craved *oyer* of the bond of which *profert* was made: whereupon, the plaintiff filed, what is called in the record, his *counter plea* to the demand of *oyer*, stating that since the filing the declaration, the bond had been destroyed by fire, and offering to produce, in its stead, a copy of it appearing upon the books of the recorder of deeds. The defendants objected to the sufficiency of the *oyer*, but the objection was overruled, and the *oyer* held to be valid. The defendants then pleaded, that the execution mentioned in the declaration was not set aside, as therein stated. Issue upon this plea. The defendants also pleaded four other pleas, which were correctly overruled on general demurrer. The issue and assessment of damages were submitted to the Court. Finding and judgment for the plaintiff.

The first question in the cause is, was the *oyer* of the registered copy of the bond sufficient? In declaring on the bond, it was necessary for the plaintiff to make *profert* of it, or to excuse the *profert*. He did the former. If, on *oyer* being craved, it was not in his power to produce the bond, he should have obtained leave to amend his declaration, showing the cause of his inability. We know of no other course in practice of meeting an exigency of this kind. So long as the declaration contained the *profert*, *oyer* of the original, if required, was indispensable. 1 Chitt. Pl. 399.—

*Matison* v. *Atkinson*, 3 T. R. 153, note.—*Smith et al.* v. *Woodward*, 4 East, 585.

The next inquiry is, whether, under the demurrer to the defective pleas, the Court should not have pronounced the declaration defective. That the first breach is clearly bad admits not of a doubt. It merely alleges that the sheriff officially received a certain sum of money belonging to the relator, and failed to pay it over. This is entirely too vague. It neither informed the defendants of the particular injury complained of, nor so stated a cause of action as to bar any other suit for the same demand. The facts showing the title of the relator to the money in the sheriff's hands should have been stated. We think the second breach is also defective. To destroy the right of the sheriff to retain the money received by him for the land sold on the execution, it should have been averred that he had notice that the sale was set aside.

It should be remarked that the plea on which issue was taken, was no answer to the declaration. The allegation in the second breach is, that the sheriff's *sale* was set aside. The averment of the plea is, that the *execution* was not set aside. It is not necessary to decide whether, had the declaration been good, the defendants could have got rid of the finding and judgment of the Court, in consequence of their own faulty pleading. The judgment must be reversed on other grounds.

*Per Curiam.*—The judgment is reversed at the relator's costs. Cause remanded, &c.

*W. H. Coombs* and *H. Cooper*, for the appellants.

*J. B. Howe*, for the appellee.